Elvis ALIVODJA, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–1214–ag.

United States Court of Appeals, Second Circuit.

Nov. 30, 2007.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Song Park, Attorney, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Elvis Alivodja, a native and citizen of Albania, seeks review of a March 8, 2007 order of the BIA affirming the August 22, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elvis Alivodja,* No. A98–419–133 (B.I.A. Mar. 8, 2007), *aff'g* No. A98–419–133 (Immig. Ct. N.Y. City Aug. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See e.g. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the IJ's adverse credibility finding is supported by substantial evidence because it was based on material inconsistencies between Alivodja's testimony and the documents he submitted in support of his application. The IJ noted that Alivodja's testimony had focused on two alleged instances of abuse: 1) when he was essentially kidnapped by police, beaten and left to make his way home in December 2002; and 2) when he and his father were beaten by police in July 2003. The IJ found, however, that affidavits from Alivodja's uncle and from a family friend, both written in November 2002, asserted

that the first incident occurred on October 9, 2002. As the BIA found, these affidavits not only provided an incorrect date, but actually pre-dated the event they described.

To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09. Here, the inconsistency between Alivodja's testimony and the affidavits he submitted casts doubt on his contention that he was ever abused by police—the central element of his claim.

After the inconsistency had been brought to his attention, Alivodja presented new affidavits to the IJ in which the same affiants corrected their prior statements to assert that Alivodja had indeed been abducted and beaten on December 9, 2002, as Alivodja had testified. Both Alivodja and his uncle blamed these inconsistencies on old age and bad memory. We have held that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Considering the nature of the inconsistencies identified by the IJ, we are unable to find that any reasonable fact-finder would have been compelled to accept Alivodja's explanations. Accordingly, the IJ's adverse credibility finding was supported by substantial evidence. As such, we find it unnecessary to review the agency's alternative burden of proof finding.

Inasmuch as Alivodja's claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the IJ's adverse credibility finding is fatal to those claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).